Opinion filed July 14, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00173-CR

                                                    __________

 

                                 IN
RE HORACIO JOSE DOHNAL  

 



 

                                              Original
Proceeding

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Relator, Horacio Jose Dohnal, has filed a petition for writ of mandamus complaining
that Jan Brown, Brown County District Clerk, has failed to forward his
application for writ of habeas corpus filed pursuant to Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2010) to
the Texas Court of Criminal Appeals.  He seeks an order from this court
compelling respondent to do so.  We dismiss for want of jurisdiction.  

            Article
11.07 vests complete jurisdiction over postconviction relief from final felony
convictions in the Texas Court of Criminal Appeals.  Article 11.07, section 5; Ex
parte Hoang, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); Ater v. Eighth
Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).  The courts
of appeals have no authority to issue writs of mandamus in criminal law matters
pertaining to proceedings under Article 11.07.  In re McAfee, 53 S.W.3d
715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).  Should
an applicant find it necessary to complain about the processing of an Article
11.07 application for writ of habeas corpus, the applicant may seek mandamus
relief from the Court of Criminal Appeals.  Benson v. District Clerk,
331 S.W.3d 431 (Tex. Crim. App.  2011).  

            Moreover,
a court of appeals has no general writ power over a person other than a judge
of a district or county court unless issuance of the writ is necessary to
enforce the court’s jurisdiction.  See Tex.
Gov’t Code Ann. § 22.221 (Vernon 2004).  A court of appeals has no
jurisdiction to issue a writ of mandamus against a district clerk unless
necessary to enforce its jurisdiction.  In re Washington, 7 S.W.3d 181,
182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Relator has not
shown that a writ of mandamus directed to the district clerk is necessary to
enforce our jurisdiction.  Therefore, we do not have jurisdiction to issue a
writ of mandamus against the district clerk.

            Accordingly,
the petition for writ of mandamus is dismissed for want of jurisdiction.

 

            

                                                                                                PER
CURIAM

 

                                                                                                

July 14, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.