

# NUMBER 13-12-00376-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE  ROBERTO PEREZ JR.

### On Petition for Writ of Mandamus.

# NUMBER 13-12-00378-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ROBERTO PEREZ JR.,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION
## Before Justices Rodriguez, Benavides, and Perkes
## Memorandum Opinion Per Curiam[1]

Roberto Perez Jr., pro se, filed a document that appears to contain both a petition for writ of mandamus, filed in our cause number 13-12-000376-CR, and a notice of appeal, filed in our cause number 13-12-00378-CR.[2] Both matters arise from trial court cause number 01-CR-2731-E(S1) in the 148th District Court of Nueces County. After reforming the judgment to delete a deadly weapon finding, this Court affirmed Perez's conviction for manslaughter on direct appeal from this same trial court cause number. *See Perez v. State*, 216 S.W.3d 855, 857 (Tex. App.-Corpus Christi 2006, pet. ref'd).[3] As stated herein, we deny the petition for writ of mandamus and dismiss the appeal for lack of jurisdiction.

## I. PETITION FOR WRIT OF MANDAMUS

By a document entitled, in part, "Relator's Original Proceeding for Writ of Mandamus to the 148th Judicial District Court for State Forensic Analysis per Article 38.01 § 2," Perez asserts that he filed requests for forensic testing of the evidence underlying his conviction by motion on March 19, 2012, by demand for hearing on April

---

[1] *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions); *Id.* R. 52.8(d) ("When denying relief [in an original proceeding], the court may hand down an opinion but is not required to do so.").

[2] Perez also filed a "Motion to Reduce the Number of Copies" of any document filed in these matters. We GRANT the motion.

[3] The Court has also handled other matters arising from this same trial court cause number. *See, e.g., In re Perez*, No. 13-08-00555-CR, 2008 Tex. App. LEXIS 7535, at **1–2 (Tex. App.—Corpus Christi Oct. 6, 2008, orig. proceeding) (per curiam, mem. op.) (denying "unclear" petition for writ of mandamus); *Ex parte Perez*, No. 13-02-00213-CR, 2002 Tex. App. LEXIS 4402, at **1–2 (Tex. App.—Corpus Christi June 20, 2002, no pet.) (per curiam, not designated for publication) (dismissing appeal for want of jurisdiction).

2, 2012, and by previous applications for writs of habeas corpus on January 29, 2009 and on August 2, 2011. Perez alleges that the respondent, the Honorable Guy Williams, Presiding Judge of the 148th District Court of Nueces County, has refused to hear and rule on Perez's requests for forensic testing.

To be entitled to mandamus relief, Perez must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If Perez fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is Perez's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, Perez must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that Perez must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

In the instant case, the petition for writ of mandamus fails to comply with the foregoing requirements of the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3. Moreover, Perez has not demonstrated that the respondent expressly

3

refused to rule on Perez's motions or that an unreasonable amount of time has passed since the motions were filed. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Perez has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, the petition for writ of mandamus in cause number 13-12-00376-CR is denied. *See* TEX. R. APP. P. 52.8(a).

## II. NOTICE OF APPEAL

In addition to, and accompanying the foregoing petition for writ of mandamus as an exhibit, Perez also filed with this Court a "Notice to File Pro Se Petition for Writ of Mandamus and Appeal" which states that he "appeals the trial court's refusal to rule on Motions for State Forensic Analysis, which are pending before the [H]onorable Guy Williams' court, [because] his refusal to issue an order or [judgment] has affected Relator's right to liberty and [d]ue process and due course of law."

A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant

4

where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.– Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Our review of the documents before the Court shows that Perez's conviction has been affirmed and it does not reveal any other appealable orders entered by the trial court. The Court, having examined and fully considered the notice of appeal, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein. Accordingly, the appeal in cause number 13-12-00378-CR is DISMISSED for lack of jurisdiction.

### III. CONCLUSION

We deny the petition for writ of mandamus in cause number 13-12-00376-CR. *See* TEX. R. APP. P. 52.8(a). We dismiss the appeal in cause number 13-12-00378-CR for lack of jurisdiction.

In so handling these causes, we note that article 11.07 of the Texas Code of Criminal Procedure vests jurisdiction over post-conviction relief from otherwise final felony convictions in the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*,

5

253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3; 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding); *In re Briscoe*, 230 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Accordingly, to the extent that Perez appears to be attempting to seek relief from an otherwise final felony conviction, his remedy may be by resort to the Texas Court of Criminal Appeals.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this
14th day of June, 2012.