NO. 07-08-0106-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 28, 2008

_____

In re JOHANSON LEE WATSON,

Relator
_____

***Opinion on Original Proceeding for Writ of Mandamus***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Johanson Lee Watson, an indigent inmate, seeks a writ of mandamus to compel the

trial court to rule on his application for writ of habeas corpus. Through the purported

application for habeas corpus, he attempts to nullify his prior felony conviction. For the

reason expressed below, we dismiss for want of jurisdiction.

The Court of Criminal Appeals has exclusive jurisdiction over post-conviction writs

of habeas corpus in felony cases. *See id.; Board of Pardons and Paroles ex. rel. Keene*

*v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App.1995); *In re*

*Briscoe,* 230 S.W.3d 196, 196 (Tex. App.–Houston [14th Dist.] 2006) (original proceeding)

(stating that courts of appeal have no jurisdiction over post-conviction writs of habeas

corpus in felony cases). So, to complain about any action, or inaction, of the convicting

court, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See*

*In re Briscoe,* 230 S.W.3d at 196.

Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.


Per Curiam