TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00821-CV






In re Juan De Dios Guajardo






ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N


 Relator Juan De Dios Guajardo filed a pro se petition for writ of mandamus in this
Court. See Tex. Gov't Code Ann. § 22.221 (West Supp. 2010); see also Tex. R. App. P. 52.1. In
his petition, Guajardo asks this Court to direct the Travis County District Clerk to transmit a copy
of his application for writ of habeas corpus, and all related filings, to the Court of Criminal Appeals
in accordance with article 11.07 of Texas Code of Criminal Procedure. See Tex. Code Crim. Proc.
Ann. art. 11.07, § 3(c) (West Supp. 2010).

 Article 11.07 vests complete jurisdiction over post-conviction relief from final felony
convictions in the Texas Court of Criminal Appeals. See Tex. Code Crim. Proc. Ann. art. 11.07
(West Supp. 2010); Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995); In re Watson, 253 S.W.3d 319, 320 (Tex.
App.--Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law matters
pertaining to proceedings under article 11.07. In re Briscoe, 20 S.W.3d 196 (Tex. App.--Houston
[14th Dist.] 2006, orig. proceeding); In re McAfee, 53 S.W.3d 715, 718 (Tex. App.--Houston [1st
Dist.] 2001, orig. proceeding). Should an applicant find it necessary to complain about the
processing of an article 11.07 application for writ of habeas corpus, the applicant may seek
mandamus relief from the Court of Criminal Appeals. Watson, 253 S.W.3d at 320; Briscoe,
20 S.W.3d at 196; see, e.g., Benson v. District Clerk, 331 S.W.3d 431 (Tex. Crim. App. 2011) (Court
of Criminal Appeals conditionally granted writ of mandamus against district clerk to compel
performance of ministerial duty to receive, file, and forward habeas corpus application under
article 11.07).

 Moreover, this Court's mandamus jurisdiction, governed by section 22.221 of the
Texas Government Code, is expressly limited to: (1) writs against a district court judge or county
court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction. See Tex.
Gov't Code Ann. § 22.221. Thus, we have no jurisdiction to issue a writ of mandamus against a
district clerk unless necessary to enforce our jurisdiction. See id.; In re Washington, 7 S.W.3d 181,
182 (Tex. App.--Houston [1st Dist.] 1999, orig. proceeding). As we have no jurisdiction in a habeas
corpus proceeding seeking relief from a final felony conviction pursuant to article 11.07, we have
no jurisdiction to issue a writ of mandamus against a district clerk in connection with such a
proceeding. Only the Texas Court of Criminal Appeals has jurisdiction to issue writs of mandamus
pertaining to habeas corpus proceedings under article 11.07, including those against a district clerk. 
See Tex. Code Crim. Proc. Ann. art. 11.07, § 3; Keene, 910 S.W.2d at 483; McAfee, 53 S.W.3d
at 717-18.

 Guajardo's petition for writ of mandamus seeks a writ against the Travis County
District Clerk. However, that writ is not necessary to enforce this Court's jurisdiction and, further,
seeks relief in connection with an article 11.07 habeas corpus proceeding. Consequently, we lack
jurisdiction to grant the requested relief. See Tex. Gov't Code Ann. § 22.221(b)(1) (West Supp.
2010). Accordingly, we dismiss Guajardo's petition for writ of mandamus for want of jurisdiction.


 __________________________________________

 Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed for Want of Jurisdiction

Filed: January 25, 2012