# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00821-CV

### In re Juan De Dios Guajardo

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Juan De Dios Guajardo filed a *pro se* petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2010); *see also* Tex. R. App. P. 52.1. In his petition, Guajardo asks this Court to direct the Travis County District Clerk to transmit a copy of his application for writ of habeas corpus, and all related filings, to the Court of Criminal Appeals in accordance with article 11.07 of Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(c) (West Supp. 2010).

Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07. *In re Briscoe*, 20 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Should an applicant find it necessary to complain about the

processing of an article 11.07 application for writ of habeas corpus, the applicant may seek mandamus relief from the Court of Criminal Appeals. *Watson*, 253 S.W.3d at 320; *Briscoe*, 20 S.W.3d at 196; *see, e.g.*, *Benson v. District Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011) (Court of Criminal Appeals conditionally granted writ of mandamus against district clerk to compel performance of ministerial duty to receive, file, and forward habeas corpus application under article 11.07).

Moreover, this Court's mandamus jurisdiction, governed by section 22.221 of the Texas Government Code, is expressly limited to: (1) writs against a district court judge or county court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221. Thus, we have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. *See id.*; *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). As we have no jurisdiction in a habeas corpus proceeding seeking relief from a final felony conviction pursuant to article 11.07, we have no jurisdiction to issue a writ of mandamus against a district clerk in connection with such a proceeding. Only the Texas Court of Criminal Appeals has jurisdiction to issue writs of mandamus pertaining to habeas corpus proceedings under article 11.07, including those against a district clerk. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3; *Keene*, 910 S.W.2d at 483; *McAfee*, 53 S.W.3d at 717-18.

Guajardo's petition for writ of mandamus seeks a writ against the Travis County District Clerk. However, that writ is not necessary to enforce this Court's jurisdiction and, further, seeks relief in connection with an article 11.07 habeas corpus proceeding. Consequently, we lack

jurisdiction to grant the requested relief. *See* Tex. Gov't Code Ann. § 22.221(b)(1) (West Supp. 2010). Accordingly, we dismiss Guajardo's petition for writ of mandamus for want of jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed for Want of Jurisdiction

Filed:   January 25, 2012

3