

# NUMBER 13-12-00153-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GILBERTO TAMAYO VILLARREAL

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Gilberto Tamayo Villarreal, proceeding pro se, filed a petition for writ of mandamus and a "Motion Opposing the Applicant's Reply of 11.07 Writ of Habeas Corpus" on March 5, 2012.[2] Through these documents, relator alleges that the trial court has not timely ruled on relator's application for writ of habeas corpus under article

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This Court previously affirmed relator's conviction for capital murder. *See Villarreal v. State*, No. 13-09-00023-CR, 2010 Tex. App. LEXIS 4414, at *1 (Tex. App.—Corpus Christi June 10, 2010, pet. ref'd) (mem. op., not designated for publication).

11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011).

Article 11.07 vests jurisdiction over post-conviction relief from otherwise final felony convictions in the Texas Court of Criminal Appeals. *See id.*; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and have no authority to issue writs of mandamus in connection with such proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3; 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding); *In re Briscoe*, 230 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over this matter. Accordingly, relator's petition is dismissed for lack of jurisdiction. Relator's "Motion Opposing the Applicant's Reply of 11.07 Writ of Habeas Corpus" is likewise dismissed for lack of jurisdiction.

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of March, 2012.