

# NUMBER 13-12-00399-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ANGEL FIDENCIO CANDANOZA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion Per Curiam[1]

Relator, Angel Fidencio Candanoza, proceeding pro se, filed a petition for writ of mandamus on June 20, 2012. Relator alleges that he was convicted of aggravated sexual assault on or about December 16, 2010. Through this original proceeding, relator seeks to compel his attorney to provide him with a copy of the file underlying relator's conviction

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6. This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004). This section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *See id.* § 22.221(a). The section expressly limits the mandamus jurisdiction of the courts of appeals to writs of mandamus issued against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id.* § 22.221(b).

Under the express provisions of the government code, a party's attorney is not one of the individuals over whom we have mandamus jurisdiction. *See id.; see also In re Weems,* No. 14-12-00472-CR, 2012 Tex. App. LEXIS 4424, at \*\*2–3 (Tex. App.—Houston [14th Dist.] June 5, 2012, orig. proceeding) (per curiam) (not designated for publication); *In re Richards*, No. 05-12-00308-CV, 2012 Tex. App. LEXIS 2200, at \*1 (Tex. App.—Dallas Mar. 21, 2012, orig. proceeding) (mem. op.). Moreover, article 11.07 of the Texas Code of Criminal Procedure vests jurisdiction over post-conviction relief from otherwise final felony convictions in the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and have no authority to issue writs of mandamus in connection with such proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3; 5;

2

*Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding); *In re Briscoe*, 230 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over this matter. Accordingly, relator's petition is dismissed for lack of jurisdiction.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
21st day of June, 2012.

3