

# NUMBER 13-12-00485-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE OVIDIO GARCIA JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Ovidio Garcia, Jr., proceeding pro se, filed a petition for writ of mandamus on July 27, 2012. Through this original proceeding, relator seeks to compel the Honorable Rodolfo Delgado of the 93rd District Court of Hidalgo County, Texas to consider and rule on relator's motion to compel issuance of citation.[2] We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This Court previously considered and denied a petition for writ of mandamus filed by relator raising the same or similar issues. *See In re Garcia*, No. 13-11-00732-CV, 2011 Tex. App. LEXIS 9255, at *5 (Tex. App.—Corpus Christi Nov. 22, 2011, orig. proceeding) (mem. op. per curiam).

Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

2

In the instant case, relator has not furnished an appendix or record sufficient to support the claim for relief insofar as relator has not demonstrated that his motion was presented to the respondent and the respondent expressly refused to rule on the motion. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding).

Moreover, relator has not shown that the substantive law supports his position that the trial court has a ministerial duty regarding the issuance of citation. Pursuant to Texas Rule of Civil Procedure 99, a party filing a petition is required to request that citation be served on the opposing party and to direct the clerk of the court where to serve the opposing party. *See id.* Relator essentially contends that the duty to order citation rests with the trial court judge; however, the law imposes no duty on the trial judge to monitor citation or to order citation be issued sua sponte. *See id.*; *see also In re Kennedy*, No. 12-08-00171-CV, 2008 Tex. App. LEXIS 3693, at *2 (Tex. App.—Tyler May 21, 2008, orig. proceeding) (mem. op.) ("We have been unable to locate any authority for the proposition that the respondent trial courts have a duty to issue citation."); *In re Fulton*, No. 07-05-0376-CV, 2005 Tex. App. LEXIS 9041, at **1–3 (Tex. App.—Amarillo Nov. 1, 2005, orig. proceeding) (mem. op.) ("The law imposes no duty on the trial judge to monitor citation or to order citation be issued sua sponte."). However, to the extent that issuance of citation may implicate the trial court's jurisdiction, the trial court, and not the appellate court, may issue a writ of mandamus to

3

compel the district clerk to issue citation. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.221 (West 2004) (delineating the original jurisdiction of the appellate courts); *see also In re Westbrook*, No. 09-03-294 CV, 2003 Tex. App. LEXIS 5971, at **1–2 (Tex. App.—Beaumont July 10, 2003, orig. proceeding) (mem. op. per curiam) ("Because issuance of citation implicates the trial court's jurisdiction, the district court, not the appellate court, may issue a writ of mandamus to compel the district clerk to issue citation.").

Finally, we note that the underlying case in which relator seeks to compel the issuance of citation is a civil declaratory action that essentially seeks to reopen the evidence regarding relator's felony conviction for capital murder. Article 11.07 of the Texas Code of Criminal Procedure vests jurisdiction over post-conviction relief from otherwise final felony convictions in the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and have no authority to issue writs of mandamus in connection with such proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3; 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding); *In re Briscoe*, 230 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the petition should be denied. Accordingly, relator's petition for writ of mandamus is denied.

PER CURIAM

Delivered and filed this the
1st day of August, 2012.