

# NUMBER 13-12-00699-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE REYMUNDO CASTILLO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion Per Curiam[1]

Relator, Reymundo Castillo, proceeding pro se, filed a petition for writ of mandamus on November 13, 2012. Through this original proceeding, relator requests that we direct the District Clerk of Bee County to provide him with a copy of the reporter's record pertaining to his conviction for purposes of preparing an application for writ of habeas corpus under article 11.07 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011). This Court previously affirmed relator's conviction for the aggravated sexual assault of a child and indecency with a

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

child.  *See Castillo v. State*, No. 13-09-127-CR, 2011 Tex. App. LEXIS 1564 (Tex. App.—Corpus Christi March 3, 2011, no pet.) (not designated for publication); *see also Ex parte Castillo*, No. AP-76,827, 2012 Tex. Crim. App. Unpub. LEXIS 673 (Tex. Crim. App. June 27, 2012) (not designated for publication) (allowing appellant the opportunity to file an out-of-time petition for discretionary review because counsel failed to timely notify appellant regarding the disposition of his appeal).

According to relator's petition for writ of mandamus, he filed a motion with this Court requesting a copy of the appellate record of his appeal for use in preparing an application for writ of habeas corpus.  Relator contends, correctly, that we granted the motion and directed the District Clerk to forward a copy of the record to appellant. Relator's complaint in this original proceeding is that the District Clerk provided him with a copy of the clerk's record but failed to provide him with a copy of the reporter's record. Relator thus requests that we direct the District Clerk to send him a copy of the reporter's record from his appeal.

This Court does not have mandamus jurisdiction over clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *see also In re Nubine*, No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.—Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam) (mem. op).  For instance, mandamus relief is appropriate when a trial court clerk fails to file and forward a notice of appeal to the appropriate court of appeals.  *In re Smith*, 270 S.W.3d 783, 785 (Tex. App.—Waco 2008, orig.

2

proceeding); *Smith*, 263 S.W.3d at 95-96; *Washington*, 7 S.W.3d at 182; *see also Aranda v. District Clerk Clerk*, 207 S.W.3d 785, 786-87 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam) (granting mandamus relief where district clerk failed to file post-conviction habeas application).  Based on the procedural posture of this case, relator has not shown that issuance of the writ is necessary to enforce our jurisdiction.

Further, article 11.07 of the code of criminal procedure vests jurisdiction over post-conviction relief from otherwise final felony convictions in the Texas Court of Criminal Appeals.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding).  The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and have no authority to issue writs of mandamus in connection with such proceedings.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3; 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding); *In re Briscoe*, 230 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over this matter.  Accordingly, relator's petition is dismissed for lack of jurisdiction.

PER CURIAM

Do not publish.  TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of November, 2012.