# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00011-CV

### In re Reginald A. Noble

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Reginald A. Noble, an inmate in the Texas Department of Criminal Justice, has filed a document entitled *Amended Motion for Leave to File Affidavit*. Noble previously filed a document entitled *Motion for Leave to File the Original Application for Writ of Mandamus and Prohibition* that we treated as a petition for writ of mandamus and subsequently denied. *See In re Noble*, 2012 WL 6699016, at *1-2 (Tex. App.—Austin Dec. 21, orig. proceeding). Having already disposed of that petition, we construe the instant motion, received after the denial of the previous petition, as a petition initiating another original appellate proceeding seeking extraordinary relief. *See* Tex. R. App. P. 52.1.

There is simply inadequate information supplied in the motion to even begin to address the legal merits. First, Noble does not name a Respondent, and it is unclear from the body of the document against whom he seeks mandamus relief. Second, it is difficult to discern the precise nature of Noble's complaint. Consequently, it is unclear what remedy or relief he seeks.

Noble mentions the denial of an 11.07 application for writ of habeas corpus that he filed in the district court of Dallas County. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp.

2012) (providing for post-conviction relief from final felony conviction). Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.*; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and have no authority to issue writs of mandamus in connection with such proceedings. *See In re Briscoe*, 20 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2012). To the extent that Noble seeks mandamus relief concerning an 11.07 application for writ of habeas corpus, we have no jurisdiction to grant Noble any relief.

Noble also refers to a clemency application submitted to the Texas Board of Pardons and Paroles. This Court does not have mandamus jurisdiction over the Texas Board of Pardons and Paroles. By statute, this Court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). The parole board is not a party against whom we may issue a writ of mandamus. Nor has Noble demonstrated that the exercise of our writ power is necessary to enforce our jurisdiction. To the extent that Noble seeks mandamus relief against the Texas Board of Pardons and Paroles, we have no jurisdiction to grant Noble any relief.

For the above reasons, we dismiss Noble's petition for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed:   January 18, 2013

3