TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-13-00011-CV






In re Reginald A. Noble






ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N


 Reginald A. Noble, an inmate in the Texas Department of Criminal Justice, has filed
a document entitled Amended Motion for Leave to File Affidavit. Noble previously filed a document
entitled Motion for Leave to File the Original Application for Writ of Mandamus and Prohibition
that we treated as a petition for writ of mandamus and subsequently denied. See In re Noble,
2012 WL 6699016, at *1-2 (Tex. App.--Austin Dec. 21, orig. proceeding). Having already disposed
of that petition, we construe the instant motion, received after the denial of the previous petition, as
a petition initiating another original appellate proceeding seeking extraordinary relief. See Tex. R.
App. P. 52.1.

 There is simply inadequate information supplied in the motion to even begin to
address the legal merits. First, Noble does not name a Respondent, and it is unclear from the body
of the document against whom he seeks mandamus relief. Second, it is difficult to discern the
precise nature of Noble's complaint. Consequently, it is unclear what remedy or relief he seeks.

 Noble mentions the denial of an 11.07 application for writ of habeas corpus that he
filed in the district court of Dallas County. See Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp.
2012) (providing for post-conviction relief from final felony conviction). Article 11.07 vests
complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court
of Criminal Appeals. See id.; Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for
Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); In re Watson, 253 S.W.3d 319, 320
(Tex. App.--Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law
matters pertaining to proceedings under article 11.07 and have no authority to issue writs of
mandamus in connection with such proceedings. See In re Briscoe, 20 S.W.3d 196 (Tex.
App.--Houston [14th Dist.] 2006, orig. proceeding); In re McAfee, 53 S.W.3d 715, 718 (Tex.
App.--Houston [1st Dist.] 2001, orig. proceeding); see also Tex. Code Crim. Proc. Ann. art. 11.07,
§ 5 (West Supp. 2012). To the extent that Noble seeks mandamus relief concerning an 11.07
application for writ of habeas corpus, we have no jurisdiction to grant Noble any relief.

 Noble also refers to a clemency application submitted to the Texas Board of Pardons
and Paroles. This Court does not have mandamus jurisdiction over the Texas Board of Pardons and
Paroles. By statute, this Court has the authority to issue a writ of mandamus against "a judge of a
district or county court in the court of appeals district" and other writs as necessary to enforce our
appellate jurisdiction. See Tex. Gov't Code Ann. § 22.221 (West 2004). The parole board is not a
party against whom we may issue a writ of mandamus. Nor has Noble demonstrated that the
exercise of our writ power is necessary to enforce our jurisdiction. To the extent that Noble seeks
mandamus relief against the Texas Board of Pardons and Paroles, we have no jurisdiction to grant
Noble any relief.

 For the above reasons, we dismiss Noble's petition for want of jurisdiction.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: January 18, 2013