# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00052-CV

**In re Gregory Ben**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Gregory Ben filed a pro se petition for writ of mandamus directed to the Travis County District Clerk in connection with Ben's application for a post-conviction writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 3(c) (West Supp. 2012).

Article 11.07 of the Texas Code of Criminal Procedure vests jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id*. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist*., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). Courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and lack jurisdiction to issue writs of mandamus in connection with such proceedings. *See In re Briscoe*, 230 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

We may issue writs of mandamus only against a district judge or county judge sitting in our district or to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a), (b) (West 2004).

Because Ben's petition does not show that it falls within any of these categories and because his petition seeks relief pertaining to an article 11.07 habeas corpus proceeding, we lack jurisdiction to grant the requested relief. Accordingly, we dismiss Ben's petition for writ of mandamus for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Filed:  January 31, 2013

2