# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00053-CV

**In re Lester Dion Ross**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Lester Dion Ross filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52.1. In his petition, Ross asks this Court to direct the Travis County District Clerk to transmit a copy of "records in which all interrogation and witness statements are included" pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(c) (West Supp. 2012).

Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.* art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). Moreover, this Court's mandamus jurisdiction, governed by section 22.221 of the Texas Government Code, is expressly limited to: (1) writs against a district court judge or county court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221. Thus, we have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary

to enforce our jurisdiction.  *See id.*; *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).

As we have no jurisdiction in a habeas corpus proceeding seeking relief from a final felony conviction pursuant to article 11.07, we have no jurisdiction to issue a writ of mandamus against a district clerk in connection with such a proceeding.  *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3; *cf. Padieu v. Court of Appeals for Fifth Dist.*, No. AP-76,727, 2013 Tex. Crim. App. LEXIS 36, at *4–5 (Tex. Crim. App. Jan. 9, 2013) (concluding that courts of appeals have jurisdiction to rule on mandamus petitions relating to pending motions before trial courts "requesting access to material that could be used in a future habeas application" when there is no pending application for habeas corpus filed under article 11.07).

Ross's petition for writ of mandamus seeks a writ against the Travis County District Clerk.  That writ is not necessary to enforce this Court's jurisdiction.  Consequently, we lack jurisdiction to grant the requested relief.  *See* Tex. Gov't Code Ann. § 22.221.  Accordingly, we dismiss Ross's petition for writ of mandamus for want of jurisdiction.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed:  February 1, 2013

2