

# NUMBER 13-14-00204-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE REBEKAH SHROPSHIRE

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Rebekah Shropshire, proceeding pro se, filed a "Motion under Article 11[.]07 Procedures After Conviction Without Death Penalty" on April 1, 2013. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through 2013 3d C.S.). By three issues, relator contends generally that she did not receive a fair trial and requests this Court to order that she receive a new trial. Relator's criminal conviction has already been

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

addressed by direct appeal, *see Shropshire v. State*, No. 13-08-00205-CR, 2009 WL 3385243, at \*\*1–8 (Tex. App.—Corpus Christi Oct. 22, 2009, no pet.) (mem. op. not designated for publication) (affirming relator's conviction for murder where relator contended by three issues that: (1) she was denied a fair and impartial trial due to ineffective assistance of counsel; (2) the evidence was factually insufficient to support the jury's verdict; and (3) the sentence imposed constituted cruel and unusual punishment). Because relator's pleading does not otherwise reference an order or judgment subject to appeal and relator asks us to command a public officer to perform an act, we construe this pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1(a), (d); *In re Castle Texas Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act."); *see also Boston v. Garrison*, 152 Tex. 253, 256 S.W.2d 67, 70 (1953).

Relator's complaint is in the nature of a petition for writ of habeas corpus because the substance of her argument attacks the validity of her conviction. The procedure established in Article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when a conviction is final and the applicant is confined by virtue of his felony conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *see Ex Parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim. App.1989); *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.). Article 11.07 vests jurisdiction over post-conviction relief from otherwise final felony convictions in the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In*

*re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding).  The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and have no authority to issue writs of mandamus in connection with such proceedings.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3; 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding); *In re Briscoe*, 230 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over this matter. Accordingly, relator's petition is dismissed for lack of jurisdiction.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of April, 2014.

3