# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00280-CV

**In re Randall B. Millslagle**

ORIGINAL PROCEEDING FROM HAYS COUNTY

**M E M O R A N D U M   O P I N I O N**

Relator Randall B. Millslagle, an inmate in the Texas Department of Criminal Justice, filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.1. He complains that the presiding judge of the 22nd Judicial District Court of Hays County has failed to rule on a motion for reformation of judgment filed in connection with relator's 2003 judgments of conviction for aggravated sexual assault and indecency with a child.[1] Relator seeks a writ of mandamus from this Court directing the judge to "act in accordance with established law cited in [his] motion for reformation of judgment."

A trial court has inherent power to correct, modify, vacate, or amend its own rulings so long as the court does not exceed a statutory timetable. *See State v. Aguilera*, 165 S.W.3d 695, 698 n.7 (Tex. Crim. App. 2005); *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998). However, a trial court does not have the inherent authority to alter, modify, or vacate a

---

[1] Along with his petition, relator has filed a document entitled *Motion for Reformation of Judgment*, presumably a copy of the motion he filed with the district clerk although no file-mark is on the motion. It is somewhat unclear, but apparently relator seeks to reform one of his judgments of conviction to delete the trial court's order of cumulative sentencing.

sentence imposed in open court without statutory authorization and without the presence of the parties. *State v. Davis*, 349 S.W.3d 535, 539–40 (Tex. Crim. App. 2011) (citing *McClinton v. State*, 121 S.W.3d 768, 771 (Tex. Crim. App. 2003) (Cochran, J., concurring)). Here, relator seeks the reformation of a judgment entered by the trial court more than a decade ago, well beyond the period in which the court had authority to exercise its plenary power to modify the judgment.[2] We discern no source of jurisdiction to authorize the trial court to reform relator's judgment of conviction. Accordingly, we have no authority to compel the trial court to act on relator's motion.

Article 11.07 of the Code of Criminal Procedure vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). Thus, a complaint regarding the trial court's alleged improper stacking of sentences should be addressed to the court of criminal appeals.

The petition for writ of mandamus is denied.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: May 7, 2014

_____

[2] Of course, a trial court may, by entry of a judgment *nunc pro tunc*, correct clerical mistakes in a judgment or order at any time, even after the expiration of the court's plenary power. *See Ex parte Donaldson*, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002); *see* Tex. R. App. P. 23. Relator is not seeking a judgment *nunc pro tunc* to correct a clerical error but rather a reformed judgment.