

NUMBER 13-18-00455-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE FRED G. MARTINEZ

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria[1]**

Relator Fred G. Martinez, proceeding pro se, filed a petition for writ of mandamus

in the above cause on August 20, 2018.[2]  Through this original proceeding, relator seeks

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

[2] This original proceeding arises from trial court cause number 14-CR-2389-B and joins other appellate causes arising from this same trial court proceeding.  *See In re Martinez*, No. 13-18-00449-CR, 2018 WL _____, at *_ (Tex. App.—Corpus Christi Aug. 20, 2018, orig. proceeding) (mem. op., not designated for publication); *In re Martinez*, No. 13-18-00430-CR, 2018 WL 3764219, at *1 (Tex. App.—Corpus Christi Aug. 8, 2018, orig. proceeding) (mem. op., not designated for publication); *In re Martinez*, No. 13-17-00310-CR, 2017 WL 2665266, at *1 (Tex. App.—Corpus Christi June 20, 2017, orig. proceeding) (mem. op., not designated for publication); *Martinez v. State*, No. 13-16-00249-CR, 2017 WL 2200299, at *1 (Tex. App.—Corpus Christi Mar. 16, 2017, pet. ref'd) (mem. op., not designated for publication); *Martinez v. State*, No. 13-15-00084-CR, 2015 WL 1137753, at *1 (Tex. App.—Corpus Christi Mar. 12, 2015, no pet.) (mem. op., not designated for publication) (per curiam).

to compel the trial court to set aside relator's conviction and order a new trial. Relator contends that his appointed counsel had a disqualifying conflict of interest in representing him in the case below. Relator has further filed a motion for new trial in this original proceeding.

The substance of the relief sought by relator in his petition is habeas corpus relief. The Texas Court of Criminal Appeals has exclusive jurisdiction to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through 2017 1st C.S.); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (per curiam); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, concludes that we lack jurisdiction over this matter. Accordingly, we dismiss relator's petition for writ of mandamus and motion for new trial for lack of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of August, 2018.

2