# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-24-00521-CV

### In re John Therrin Baldwin

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator John Therrin Baldwin has filed a pro se petition for writ of mandamus asking this Court to direct the Travis County District Clerk to transmit a copy of his application for writ of habeas corpus and all related filings to the Court of Criminal Appeals in accordance with article 11.07 of the Texas Code of Criminal Procedure.  *See* Tex. Code Crim. Proc. art. 11.07, § 3(c).

Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals.  *See id.* art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Jurisdiction to grant post conviction habeas corpus relief on a final felony conviction rests exclusively with this Court."); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.— Amarillo 2008, orig. proceeding) (explaining in context of application for writ of habeas corpus, that applicant seeking relief from action or inaction of convicting court "may seek mandamus relief from the Court of Criminal Appeals").  Further, relator seeks a writ of mandamus against

the Travis County District Clerk and has not shown how the writ is necessary to enforce this Court's jurisdiction. *See* Tex. Gov't Code § 22.221(a) (authorizing courts of appeals to issue writs of mandamus "necessary to enforce the jurisdiction of the court"), (b) (generally authorizing courts of appeals to issue writs against judges of specified courts).

Because we lack jurisdiction to grant the requested relief, we dismiss Baldwin's petition for writ of mandamus. *See* Tex. Code Crim. Proc. art. 11.07; Tex. Gov't Code 22.221(a), (b).

_____

Rosa Lopez Theofanis, Justice

Before Justices Kelly, Smith, and Theofanis

Filed:  August 23, 2024