

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

**NO. AP-76,409**

---

**ADRIAN JABAR BENSON, Relator v. DISTRICT CLERK, MONTGOMERY
COUNTY, Respondent**

---

**ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. 92-11-01024-CR IN THE 221ST DISTRICT COURT
FROM MONTGOMERY COUNTY**

*Per curiam.*

## O P I N I O N

Relator filed an application for a writ of mandamus with this Court, contending that

the Montgomery County District Clerk refused to file his application for a writ of habeas

corpus while another habeas corpus application concerning the same cause was pending in

this Court. We conditionally grant relief.

Relator was convicted of aggravated robbery and sentenced to twenty-five years'

imprisonment. He contends that he attempted to file an application for a writ of habeas

corpus with the Montgomery County District Clerk, but the application was refused and

returned. After abating Relator's mandamus application for a response from the District Clerk, we granted Relator's motion for leave to file and ordered briefing from the parties. The parties were ordered to address whether a district clerk has a ministerial duty under Art. 11.07 of the Texas Code of Criminal Procedure, to receive, file, and timely forward to this Court applications for writs of habeas corpus when earlier applications in the same cause are pending before this Court.

The district clerk responded that such a duty exists under TEX. CODE CRIM. PROC. art. 11.074 §3(b). We agree.

We will grant mandamus relief when a relator shows "(1) that the act sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law." *Winters v. Presiding Judge of the Crim. Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003). In Relator's case, the Montgomery County District Clerk had a ministerial duty to file Relator's habeas application. TEX. CODE CRIM. PROC. art. 11.07, § 3(b); *Aranda v. Dist. Clerk, Gaines County*, 207 S.W. 3d 785 (Tex. Crim. App. 2006); *Deleon v. Dist. Clerk, Lynn County*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006). Because Relator had no right to appeal the District Clerk's refusal to file his habeas application, Relator had no remedy at law.

The District Clerk's response alleges that the writ application was not filed because Relator insisted that it be assigned a new case number instead of the ancillary number used on his previous applications. This response is contradicted by a letter sent to Relator which

states that the application was not accepted because Relator already had a habeas application pending in this Court regarding the same cause.

We conditionally grant Relator's application for a writ of mandamus and direct the Montgomery County District Clerk to accept and file Relator's habeas application. Whether a habeas corpus applicant has other applications pending is irrelevant to the district clerk's duty to receive, file, and forward habeas corpus applications under Article 11.07. Such duty is unequivocal and subject only to the limitations in the rules concerning compliance with the habeas form. TEX. R. APP. P. 73.2.

Following custom, we will withhold issuance of the writ and allow the District Clerk an opportunity to conform her actions to this opinion. Only if she refuses to file Relator's habeas application will the writ of mandamus issue. *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 932 (Tex. Crim. App. 1994).

Relator shall file any supplemental information or habeas applications within 30 days of the issuance of this opinion.

Filed: January 12, 2011
Publish