**Opinion filed July 14, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-11-00173-CR

_____

### IN RE HORACIO JOSE DOHNAL

---

### Original Proceeding

---

### M E M O R A N D U M   O P I N I O N

Relator, Horacio Jose Dohnal, has filed a petition for writ of mandamus complaining that Jan Brown, Brown County District Clerk, has failed to forward his application for writ of habeas corpus filed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010) to the Texas Court of Criminal Appeals. He seeks an order from this court compelling respondent to do so. We dismiss for want of jurisdiction.

Article 11.07 vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. Article 11.07, section 5; *Ex parte Hoang*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). The courts of appeals have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under Article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Should an applicant find it necessary to complain about the processing of an Article 11.07 application for

writ of habeas corpus, the applicant may seek mandamus relief from the Court of Criminal Appeals. *Benson v. District Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011).

Moreover, a court of appeals has no general writ power over a person other than a judge of a district or county court unless issuance of the writ is necessary to enforce the court's jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004). A court of appeals has no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce its jurisdiction. *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Relator has not shown that a writ of mandamus directed to the district clerk is necessary to enforce our jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the district clerk.

Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.

PER CURIAM

July 14, 2011

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.