# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00384-CV

**In re Charles Hamilton, Jr.**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Charles Hamilton, Jr., an inmate in the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.1. Hamilton seeks mandamus relief from this Court concerning a motion that he alleges that he filed with the Travis County District Clerk in connection with his applications for writ of habeas corpus.[1] He lists the district court judge and the district clerk as the respondents. In his petition, Hamilton asserts that the respondents violated Article 2.21 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 2.21 (establishing duties of district clerk in criminal proceeding).

To the extent that Hamilton seeks mandamus relief against the district court judge, we have no jurisdiction to grant relief. Article 11.07 of the Texas Code of Criminal Procedure vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court

---

[1] With his petition, Hamilton provided a copy of a document entitled *Motion to Obtain State's Exhibit #5*, not file-marked, that he avers that he mailed to the district clerk. Also attached are copies of several letters addressed to the district court judge referencing the motion.

of Criminal Appeals. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction."); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction. Jurisdiction to grant post conviction habeas corpus relief on a final felony conviction rests exclusively with [the Court of Criminal Appeals]."); *see also* Tex. Code Crim. Proc. art. 11.07, § 5. The Court of Criminal Appeals has held that its exclusive Article 11.07 jurisdiction, however, does not divest an appellate court of jurisdiction to decide the merits of a mandamus petition alleging that a district judge is not ruling on a motion when the relator has no Article 11.07 application pending. *Padieu*, 392 S.W.3d at 117–18. Such is not the situation here. The documents attached to Hamilton's mandamus petition indicate that he has filed a petition for writ of habeas corpus pursuant to Article 11.07. The official website for the Court of Criminal Appeals reflects that the application was filed in December 2011 and was recently denied without written order on the trial court's findings of fact without a hearing. *See* Official Site of the Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2529335 (last visited June 20, 2013). Thus, the application was pending at the time Hamilton filed his motion with the trial court and at the time he filed his petition for writ of mandamus in this Court. Consequently, because Hamilton filed his motion in connection with a pending Article 11.07 application, we have no jurisdiction to grant mandamus relief against the district court judge in this instance.

2

To the extent that Hamilton seeks mandamus relief against the district clerk, we have no jurisdiction to grant relief. This Court's mandamus jurisdiction is expressly limited to: (1) writs against a district court judge or county court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221. Thus, we have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. *See id.*; *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Only the Court of Criminal Appeals has jurisdiction to issue writs of mandamus pertaining to habeas corpus proceedings under article 11.07, including those against a district clerk, when an application is pending. *See Padieu*, 392 S.W.3d at 117–18; *see, e.g.*, *Benson v. District Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011) (Court of Criminal Appeals conditionally granted writ of mandamus against district clerk to compel performance of ministerial duty to receive, file, and forward habeas corpus application under article 11.07). Furthermore, Hamilton has not demonstrated that the exercise of our writ power against the district clerk is necessary to enforce our jurisdiction. Because the writ is not necessary to enforce this Court's jurisdiction and, further, seeks relief in connection with a pending Article 11.07 habeas corpus proceeding, we have no jurisdiction to grant mandamus relief against the district clerk.

For the forgoing reasons, we dismiss Hamilton's petition for want of jurisdiction.

3

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed:   June 26, 2013

Do Not Publish

4