COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

IN RE                                                    No. 08-14-00237-CR

§

CESAR RODRIGUEZ,                            AN ORIGINAL PROCEEDING

§

RELATOR                                              IN MANDAMUS

§

## MEMORANDUM OPINION

Cesar Rodriguez, Relator, has filed a petition for writ of mandamus against the District Clerk of El Paso County, Texas, asking that we order her to transmit an Article 11.07 writ to the Court of Criminal Appeals. We dismiss the mandamus petition for lack of jurisdiction.

A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. TEX.GOV'T CODE ANN. § 22.221(b)(West 2004). A court of appeals also has authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. *Id*. § 22.221(a). Relator does not have any appeals pending before this Court and he has not shown that issuance of the writ is necessary to enforce our appellate jurisdiction. The Court of Criminal Appeals has exclusive jurisdiction to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Texas, Fifth District*, 392 S.W.3d 115, 117 (Tex.Crim.App. 2013); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex.Crim.App. 1985); TEX.CODE CRIM.PROC.ANN. art. 11.07, § 5 (West Supp. 2014). Further, only the Court of Criminal Appeals has jurisdiction to issue a writ of mandamus against

the district clerk to compel performance of the district clerk's ministerial duty to receive, file, and forward an Article 11.07 writ application. *See Padieu*, 392 S.W.3d at 117-18; *Benson v. District Clerk*, 331 S.W.3d 431, 432 (Tex.Crim.App. 2011). Consequently, we dismiss the mandamus petition for lack of jurisdiction.

August 26, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

2