**Opinion filed May 7, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00097-CR

_____

## IN RE ROBERT CONNELL MORGAN

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, Robert Connell Morgan, has filed a pro se petition for writ of mandamus in this court. He requests that we require Candace Jones, the district clerk of Scurry County, to perform her ministerial duties relating to an application for writ of habeas corpus that Relator asserts he filed in the trial court pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014). Relator asserts that Jones has failed to transmit his Article 11.07 application to the Court of Criminal Appeals. We dismiss Relator's petition for want of jurisdiction.

According to his petition, Relator has already filed an Article 11.07 application in the trial court. Because Relator has an Article 11.07 application pending, we have no jurisdiction to grant the relief that he requests in the petition

filed in our court. *See Padieu v. Court of Appeals of Texas, Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an Article 11.07 application is pending). We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under Article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.— Houston [1st Dist.] 2001, orig. proceeding). Should an applicant find it necessary to complain about the processing of an Article 11.07 application for writ of habeas corpus, the applicant may seek mandamus relief from the Court of Criminal Appeals. *Benson v. District Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011).

Furthermore, a court of appeals has no general writ power over a person other than a judge of a district or county court unless issuance of the writ is necessary to enforce the court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004). A court of appeals has no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce the jurisdiction of the court of appeals. *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Relator has not shown that a writ of mandamus directed to the district clerk is necessary to enforce our jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the district clerk.

Relator's petition is dismissed for want of jurisdiction.

PER CURIAM

May 7, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2