Court of Criminal Appeals
Clerk of Court-Abel Acosta
P.O. Box 12308
Capitol Station
Austin, TX 78711

**29,870-03**

**RECEIVED IN
COURT OF CRIMINAL APPEALS**

**OCT 05 2015**

**Abel Acosta, Clerk**

Dear Honorable Clerk Acosta,

Please find enclosed an Amendment to Writ of Mandamus in No.WR-29,870-03 in Cause Nos. 1282632-A & 1282633-A to be considered by the Honorable Court of Criminal Appeals. Wherefore the trial court has transmitted Habeas record in both Cause Nos. without a full and fair hearing as Supreme Court decision to allow Relator to develop the record.

I request at this time that you file this Amendment with the original Writ of Mandamus. Because the trial court has already transmitted my 11.07 Application, Exhibits, memorandums of law, etc, for this Courts ruling, would you please present this to the court as inclusion with my Writ of Mandamus original.

Thank you very much for your kind assistance in this matter. I have enclosed a S.A.S.E. for your convenience so that you can return a file/date stamped copy of this letter to me.

Respectfully Requested,

Bobby Henry #1719613
Bobby Henry #1719613

10-1-2015

Bobby Henry #1719613
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, TX 77515

In The

Court Of Criminal Appeals

Austin, Texas

---

Bobby John Henry

TDCJ-ID #1719613

Relator          No.WR-29.870-03

Vs.

Harris County District Judge

District Court 180th Judicial District

Honorable Judge Hull

In His Official Capacity

Respondent

---

NO.WR-29.870-03

Cause Nos.1282632-A & 1282633-A

180th Judicial Court of

Harris County, Texas

Amendment to Application For Writ of Mandamus In

NO.WR-29.870-03

Cause Nos.1282632-A & 1282633-A

To The Honorable Judge of said Court:

Comes now, Bobby John Henry, Relator, pro se in the above styled and numbered cause(s) of action and files this Amendment to Application for Writ of Mandamus in "No.WR-29.870-03" Cause Nos.1282632-A & 1282633-A, pursuant to Article 11.07 section 3(C) of the Texas Code of Criminal Procedure (T.C.C.P.), and would show the Court the following:

Bobby John Henry, T.D.C.J.-ID #1719613, is an offender in-carcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at the Wayne Scott Unit. Brazoria County, Texas 77515. Relator has exhausted his reme-dies and has no other adequate remedy at Law.

The Act saught to be compelled is ministerial, not discre-tionary in nature. T.C.C.P. ART. 11.07,S 3(d) requires respon-dent to <u>resolve</u> the issues set out in the order designating issues and then have the District Clerk submit the record on

(1)

such application.

On November 8, 2012, The State of Texas, by and through its Assistant District Attorney for Harris County, requested that the 180th Judicial Court, pursuant to Tex. Code Crim. Proc.Art.11.07 Sec.3(d), designates the following issue which needs to be resolved:

1) Whether the applicant was denied the effective Assistance of Counsel. The Assistant District Attorney for the State of Texas for Harris County. Sharon y. Chu. Texas Bar I.D.#24051950, proposed this recommendation to the said Court requesting that issues be designated on Cause Nos.1282632-A & 1282633-A.

On November 9, 2012, the Judicial Court Judge Marc Wesley, Brown, presiding, adopted said states recommendation and therefore designated said issue, "signed the order on November 9, 2012" to resolve issue in this court which needs to be resoved pursuant to 11.07 Sec.3(d).

On July 13 2015, Judicial District Court 180, at the time that Relator filed his Mandamus in the Court of Criminal Appeals had neglected to perform its ministerial duty of resoling said issues.

On August 26, 2015, the Court of Criminal Appeals of Texas ordered the respondent, Judge of 180th District Court of Harris County, to respond with said court by filing a response with this Court by having the District Clerk submit the record on such Habeas Corpus Application. In the Alternative, the respondent may resolve the issues set out in the order designating issues and there have the District Clerk submit the record on such Application. In either case, the respondents' answer shall be submitted within 30 days of the date of this order. This application for leave to file a Writ of Mandamus will be held in abeyance until respondent has submitted his response. Filed: August 26, 2015.

The Honorable Judge Marc Wesley Brown, who presided over trial proceeds on November 9, 2012, issued an order signed by the same, to serve the purpose of designating issues in order to further develope the record. Applicant has filed letters of inquiry and motions sent to the court between December 26, 2012 and May 05, 2014.(See Exhibit "A") of Relators original Application for Writ of Mandamus. And also since this Court has ordered trial Court

(2)

to submit a response. Asking the trial Court to host an "evidentiary Live hearing" to further develop the record.

On August 26, 2015, the date in which this honorable Court issued its order under No.WR-29.870-03. The presiding Judge of District Judicial Court, 180th District, is not the trial Juge who presided over Relators trial proceeds, therefore can not rule on a paper Hearing, as this Habeas Judge at this time has so ruled in Cause No.1282633-A, even without an affidavit from Attorney of Relator, and Accepting the States answer as Attorneys Affidavit referring to the record. The record can not disclose Counsels erroneous advise of what Counsel said or did not say to Relator to cause Relator to give up his rights and plead guilty to (2) charges in which he did not commit.

Relator has such need of a Live Plenary Evidentiary Hearing, to further develop the record as to "Prosecutorial Misconduct" of withholding exculpatory evidence from the Grand Jury of a statement inside a states file folder from complaining witness "Luc Schlumberger", stating that "Relator did not enter her home, only knocked on windows. No items were taken. No damages did to home." Counsel for Relator never disclosed such information to Relator until Relator was convicted and requested a copy of Relator file trial counsel had. Relator informed counsel that he did not enter anybodies home!"

## II
## Violation Of U.S. Supreme Court Decision.

The United States Supreme Court decision requires that the trial court allow Relator to deveop the factual basis of his claims. Townsend Vs. Sain, 372 U.S.293 (1963)(held: on the record in this case the District Court erred in denying a Writ of Habeas Corpus without a plenary evidentiary hearing Pp.372 U.S. 295-322); see also Blackledge Vs. Allison, 97 s.ct.1621, 1633 (1977) ("But Allison is entitled to careful consideration and plenary processing of (his claim.)including full opportunity for presentation of relevant facts")

The trial court is not free to ignore Supreme Court decisions. Highwarden Vs. State. 846 S.W. 2d 479, 481 (Tex. App. Houston (14 Dist.)(1993).

(3)

Therefore, the trial court is required by Supreme Court decision to allow Relator to develop the facts from every source that has personal knowledge of factual allegations within his Habeas Application. See Brown Vs. Johnson, 224 f.3d 461, 467 (5th Cir 2000).

It will be impossible for a fair and full hearing in this case to be totally dependant upon a paper hearing by Affidavits. Trial Counsel can not be expected to admit his own ineffectiveness. Alston Vs. Garrison, 720 7.2d 812, 816 (5th Cir 1983). It will therefore, require the extensive knowledge and skills of another attorney to test the credibility of his/her answers in a crucial cross-examination.

With this in mind, the Federal Courts have consistently ruled a Judge tht did not conduct the trial is "disqualified" to judge the credibility of affidavits presented in a Habeas proceedings by the trial counsel, D.A.'s or witnesses, etc...This is true because only the trial Judge has first hand knowledge to compare the facts that are in said affidavit(s) to what actually took place at trial. Perille Vs. Johnson 79 7.3d 441, 446 (5th Cir 1986).

State Court Habeas findings of fact are presumed correct "only" when there has been a full and fair hearing. 28 U.S.C. Sec.2254(d).Armstead Vs. Scott, 61 7.3d 333, 347, (5th Cir 1995)

Additionally, if these presently unresolved issues are not resolved by the trial Court during a Live Evidentiary Hearing, it will deny Relator a Fair and Full opportunity to resolve them.

The Court of Criminal Appeals will grant Mandamus relief when a Relator shows "(1) that the act sought to be compelled is purely ministerial and "(2) that there is no adequate remedy at law" Winters Vs. Presiding Judge of the Crim. Dist Court No.(3)three 118S.W.3d 773, 775.(Tex Crim. App 2003)Benson Vs. Dist. Clerk 331 S.W.3d 431.

Additionally, "The relator must have a "Clear right to the relief sought" meaning that the merit of the relief sought are beyond dispute." "In RE Rodriguez"77 S.W.3d at 461. The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion.

Wherefore, Premises Considered, Relator Pray that this Motion

(4)

in all things be granted, thereby ordering the Trial Court to host a Live Plenary Evidentiary hearing in both Relators Cause Nos. 1282632-A &1282633-A as required by Supreme Court decision when Relator seeks to develop factual basis of his claim.Brady Violation Prosecutorial Misconduct allegations against the D.A.s and ineffective Assistant Counsel on trial counsel, if true will entitle Relator to relief. And order trial court issue a Bench Warrent for Relator so he can personally attend this Hearing, and any other or additional relief he is justly entitled to. It is so prayed.

## UNSWORN DECLARATION

I, Bobby John Henry, TDCY-ID #1719613, presently incarcerated in the Wayne Scott Unit of the Texas Department of Criminal Justice in Brazoria County, Texas, verify and declare under penalty of perjury that the forgoing statements are true and correct.

Executed on this the 1st day of October, 2015

Respectfully Submitted,

Bobby John Henry #1719613

(3)exhibits included

(2)states motion to designate issues in Cause Nos.1282632-A & 1282633-A

(1)statement from complaining witness (states writ exhibit 'D"

Bobby John Henry #1719613

Wayne Scott Unit

6999 Retrieve Rd.

Angleton, Texas  77515

Relator, pro se

(5)

## Certificate of Services

I hereby certify that a true and correct copy of the above Application for Writ of Mandamus Amendment was served on 180th Judicial Districe Judge, presiding, by placing a copy in the U.S. Mail addressed to: Chris Daniel, District Clerk of Court. 1201 Franklin St. Houston, Texas, 77002 on this the 1st day of October, 2015.

Bobby John Henry #1719613
Relator

STATE'S Writ
EXHIBIT
D
PENGAD 800-631-6989


DA Note - inside file folder
#1282632

"L. Schlumberger
10/25/10
No items taken. D did not actually
get inside the house. Says D
was caught when he was knocking
on the windows of cw's home. No
damage done to house."

Cause No. 1282632-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 180TH DISTRICT COURT |
| | § | OF |
| BOBBY HENRY, | § | HARRIS COUNTY, TEXAS |
| Applicant | | |

## MOTION REQUESTING DESIGNATION OF ISSUES

The State of Texas, by and through its Assistant District Attorney for Harris County, requests that this Court, pursuant to TEX. CODE CRIM. PROC. art. 11.07, §3(d), designate the following issue which needs to be resolved:

1. Whether the applicant was denied the effective assistance of counsel.

Service has been accomplished by mailing a true and correct copy of the foregoing instrument to the following address:

Mr. Bobby Henry
TDCJ # 1719613
Wayne Scott Unit
6999 Retrieve
Angleton, Texas 77515

SIGNED this 8th day of November, 2012.

Respectfully submitted,

*Sharon Y. Chu*

Sharon Y. Chu
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
(713) 755-5240 (fax)
Texas Bar I.D. #24051950

Cause No. 1282632-A

EX PARTE                                     §       IN THE 180TH DISTRICT COURT

                                             §       OF

BOBBY HENRY,                                 §       HARRIS COUNTY, TEXAS
    Applicant

## STATE'S PROPOSED ORDER DESIGNATING ISSUES

Having reviewed the applicant's application for writ of habeas corpus, the Court finds

that the following issue needs to be resolved in the instant proceeding:

1.   Whether the applicant was denied the effective assistance of counsel.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issue

and then enter findings of fact.

The Clerk of the Court is **ORDERED NOT** to transmit at this time any documents in the

above-styled case to the Court of Criminal Appeals until further order by this Court.

**By the following signature, the Court adopts the State's Proposed Order Designating**

**Issues.**

SIGNED on the ____ day of _____, 20___.

_____
PRESIDING JUDGE

Cause No. 1282632-A

EX PARTE § IN THE 180TH DISTRICT COURT

§ OF

BOBBY HENRY, § HARRIS COUNTY, TEXAS
Applicant

Service has been accomplished by sending a copy of this instrument to the following address:

Mr. BOBBY HENRY
TDCJ # 1719613
Wayne Scott Unit
6999 Retrieve
Angleton, Texas 77515

SIGNED this 8th day of November, 2012.

Respectfully submitted,

*Sharon Y. Chu*

Sharon Y. Chu
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
(713) 755-5240 fax
Texas Bar ID 24051950

Cause No. 1282633-A

EX PARTE § IN THE 180TH DISTRICT COURT

§ OF

BOBBY HENRY, § HARRIS COUNTY, TEXAS
    Applicant

## MOTION REQUESTING DESIGNATION OF ISSUES

The State of Texas, by and through its Assistant District Attorney for Harris County, requests that this Court, pursuant to TEX. CODE CRIM. PROC. art. 11.07, §3(d), designate the following issue which needs to be resolved:

1. Whether the applicant was denied the effective assistance of counsel.

Service has been accomplished by mailing a true and correct copy of the foregoing instrument to the following address:

> Mr. Bobby Henry
> TDCJ # 1719613
> Wayne Scott Unit
> 6999 Retrieve
> Angleton, Texas 77515

SIGNED this 8th day of November, 2012.

Respectfully submitted,

*Sharon Y. Chu*

Sharon Y. Chu
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
(713) 755-5240 (fax)
Texas Bar I.D. #24051950

Cause No. 1282633-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 180TH DISTRICT COURT |
| | § | OF |
| BOBBY HENRY,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S PROPOSED ORDER DESIGNATING ISSUES

Having reviewed the applicant's application for writ of habeas corpus, the Court finds that the following issue needs to be resolved in the instant proceeding:

1. Whether the applicant was denied the effective assistance of counsel.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issue and then enter findings of fact.

The Clerk of the Court is **ORDERED NOT** to transmit at this time any documents in the above-styled case to the Court of Criminal Appeals until further order by this Court.

**By the following signature, the Court adopts the State's Proposed Order Designating Issues.**

SIGNED on the ____ day of _____, 20___.

_____
PRESIDING JUDGE

Cause No. 1282633-A

EX PARTE                                        §        IN THE 180TH DISTRICT COURT

                                               §        OF

BOBBY HENRY,                                    §        HARRIS COUNTY, TEXAS
    Applicant

Service has been accomplished by sending a copy of this instrument to the following address:

Mr. BOBBY HENRY
TDCJ # 1719613
Wayne Scott Unit
6999 Retrieve
Angleton, Texas 77515

SIGNED this 8th day of November, 2012.

Respectfully submitted,

Sharon Y. Chu

Sharon Y. Chu
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
(713) 755-5240 fax
Texas Bar ID 24051950

2