**Opinion filed April 20, 2017**



## In The

# Eleventh Court of Appeals

———————

## No. 11-17-00093-CR

———————

## IN RE JIMMY RAY MADRIGAL

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, Jimmy Ray Madrigal, has filed a pro se petition for writ of mandamus in this court. He requests that we require Jamie Clem, the district clerk of Nolan County, to perform ministerial duties related to Article 11.07, section 3(c) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(c) (West 2015). Relator asserts that Clem has failed to transmit a copy of certain documents as required. We dismiss Relator's petition for want of jurisdiction.

A court of appeals has no general writ power over a person other than a judge of a district or county court unless issuance of the writ is necessary to enforce the court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004). A court of appeals has no jurisdiction to issue a writ of mandamus against a district clerk unless

necessary to enforce the jurisdiction of the court of appeals. *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Relator has not shown that a writ of mandamus directed to the district clerk is necessary to enforce our jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the district clerk.

Additionally, Relator references the clerk's duties to transmit copies under Article 11.07, section 3(c) so that the Court of Criminal Appeals can act on Relator's writ of habeas corpus. We have no jurisdiction to grant the relief requested by Relator with respect to a pending Article 11.07 writ. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an Article 11.07 application is pending). We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under Article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Should an applicant find it necessary to complain about the processing of an Article 11.07 application for writ of habeas corpus, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See Benson v. Dist. Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011).

Relator's petition for writ of mandamus is dismissed for want of jurisdiction.

PER CURIAM

April 20, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.