Opinion filed April 28, 2017



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00111-CR

_____

## EX PARTE CHRISTOPHER BENNETT WOOTEN

**Original Proceeding**

## M E M O R A N D U M   O P I N I O N

Christopher Bennett Wooten has filed in this court an application for postconviction writ of habeas corpus. The application is related to his conviction in the 118th District Court of Howard County for the offense of felony driving while intoxicated. Wooten asserts several grounds for relief. We dismiss for want of jurisdiction.

We can find no authority that would enable this court to grant the relief requested by Wooten. *See* TEX. CONST. art. V, §§ 5, 6 (providing that Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West 2004) (limited writ powers granted to the courts of appeals). An intermediate appellate court has no jurisdiction to release a person

from confinement when that person has been finally convicted of a felony; the Court of Criminal Appeals has exclusive jurisdiction in such matters. *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Because we have no jurisdiction to grant the relief requested by Wooten in his application for writ of habeas corpus that was filed as an original proceeding in this court, we must dismiss.

We note that Wooten indicates that "Howar[d] County will <u>not</u> file[,] accept mail, or docket, petitioner's Tx.CCP 11.07 habeas corpus" even though Wooten has attempted three times to file one. An Article 11.07 writ of habeas corpus must be made returnable to the Texas Court of Criminal Appeals, and it must be filed with the clerk of the trial court in which the applicant was convicted. CRIM. PROC. art. 11.07, § 3(a), (b). Article 11.07, section 3 sets out the procedures that must be followed by the convicting court and its personnel when an Article 11.07 writ is filed. There is no role for the intermediate courts of appeals in that procedure as Article 11.07 vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Hoang*, 872 S.W.2d at 697; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see* CRIM. PROC. art. 11.07, §§ 3, 5; *see also Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013). Should an applicant find it necessary to complain about the processing of an Article 11.07 application for writ of habeas corpus, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See Benson v. Dist. Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011).

We dismiss this proceeding for want of jurisdiction.

PER CURIAM

April 28, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.