**Opinion issued August 31, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00727-CV

———————————

## IN RE IME OKON EKWERE, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Ime Okon Ekwere, has filed a petition for a writ of mandamus, seeking to compel the trial court to forward his Writ of Habeas Corpus under Texas Code of Criminal Procedure Article 11.07 to the Texas Court of Criminal Appeals.[1]

---

[1]   The underlying proceeding is *The State of Texas v. Ime Okon Ekwere*, cause number 1446601-A, pending in the 232nd District Court of Harris County, Texas, the Honorable Kristen M. Guinney presiding.

Because his petition reflects that he has filed an article 11.07 application for a writ of habeas corpus in the trial court, his mandamus petition relates to a pending post-conviction habeas corpus application involving a final felony conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Only the Texas Court of Criminal Appeals has jurisdiction in post-conviction habeas corpus proceedings. *See Padieu v. Court of Appeals of Tex., Fifth Dist*., 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). "To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see, e.g*., *Benson v. Dist. Clerk*, 331 S.W.3d 431, 433 (Tex. Crim. App. 2011) (court of criminal appeals conditionally granted mandamus application against district clerk to compel performance of ministerial duty to receive and file article 11.07 application). This Court, however, has no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07. *See In re Briscoe*, 230 S.W.3d at 197; *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we dismiss relator's petition for want of jurisdiction.

**PER CURIAM**

2

Panel consists of Chief Justice Radack and Justices Brown and Caughey.

Do not publish.  *See* TEX. R. APP. P. 47.2(b).