**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed January 10, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-01087-CR

---

### IN RE DARRYL W. VICTORIAN, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1423370-A**

## MEMORANDUM OPINION

On December 20, 2018, relator Darryl W. Victorian filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the district clerk to transmit all answers, affidavits, findings, and other documents filed in relator's habeas corpus proceeding to the Texas Court of Criminal Appeals.

A court of appeals has no general writ power over a person other than a judge of a district or county court unless issuance of the writ is necessary to enforce the court's

jurisdiction. *See* Tex. Gov't Code Ann. § 22.221. A court of appeals has no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce the jurisdiction of the court of appeals. *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Relator has not shown that a writ of mandamus directed to the district clerk is necessary to enforce our jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the district clerk.

Additionally, relator references the clerk's duties to transmit copies under article 11.07, section 3(c) of the Texas Code of Criminal Procedure so that the Court of Criminal Appeals can act on relator's application for writ of habeas corpus. We have no jurisdiction to grant the relief requested by relator with respect to a pending article 11.07 writ. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an article 11.07 application is pending). We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Should an applicant find it necessary to complain about the processing of an article 11.07 application for writ of habeas corpus, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See Benson v. Dist. Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011).

For these reasons, we dismiss relator's petition for writ of mandamus for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justices Frost and Justices Jewell and Bourliot.
Do Not Publish — Tex. R. App. P. 47.2(b).

2