**Petition for Writ of Mandamus Dismissed and Opinion filed October 29, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00830-CR

---

### IN RE HUNG TRAN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1381395**

---

## MEMORANDUM OPINION

On October 21, 2019, relator Hung Tran filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator complains of the Harris County District Clerk's failure to locate and file an application for writ of habeas corpus regarding his felony conviction that relator alleges he mailed to the District Clerk on February 27, 2019

and requests that the District Clerk be compelled to locate his alleged habeas application.

This court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a), (b) (Supp.); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding). Relator has not shown that the issuance of a writ is necessary to enforce this court's jurisdiction.

Jurisdiction of the mandamus relief that relator seek lies not with this court, but with the Court of Criminal Appeals. Should an applicant find it necessary to complain about the processing of application for writ of habeas corpus under article 11.07 of the Code of Criminal Procedure, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See Benson v. Dist. Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011) (granting writ of mandamus against district clerk to compel performance of ministerial duty to receive, file, and forward habeas corpus application under article 11.07); *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786–87 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam) (granting mandamus relief when the district clerk failed to file post-conviction habeas application). In fact, relator has a petition for writ of mandamus pending in the Court of Criminal Appeals, asking that the District Clerk be compelled to forward his alleged habeas application. *See In re Hung Xuan Tran*, No. WR-90,352-01, 2019 WL 4670756 (Tex. Crim. App. Sept. 25, 2019).

2

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Christopher, Spain, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).