**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed October 29, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00778-CR

## IN RE BRETT DAVID BOGUS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1433472**

## MEMORANDUM OPINION

On October 7, 2019, relator Brett David Bogus filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Harris County District Clerk to transmit a copy of his application for a writ of habeas corpus to the Texas Court of Criminal Appeals pursuant to article 11.07, section 3 of the Texas Code of Criminal Procedure.

We have no jurisdiction to grant the relief requested by relator with respect to a pending article 11.07 writ. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an article 11.07 application is pending). We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Should an applicant find it necessary to complain about the processing of an article 11.07 application for writ of habeas corpus, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See Benson v. Dist. Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011).

Further, this court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a), (b) (Supp.); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding).

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).

2