**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed September 15, 2020.**



In The

# Fourteenth Court of Appeals

## NOS. 14-20-00594-CR and 14-20-00595-CR

## IN RE MIGUEL SAENZ, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**405th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 14CR3080 and 14CR3117**

## MEMORANDUM OPINION

On August 31, 2020, relator Miguel Saenz filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to (1) compel the Honorable Jared Robinson, presiding judge of the 405th District Court of Galveston County, to rule on various motions relator alleges he has filed, and to issue updated Findings of Fact and Conclusions of Law, and (2) compel John D.

Kinard, the District Clerk for Galveston County, to file documents that are allegedly missing into the record for trial court cause numbers 14CR3080 and 14CR3117. It is evident from relator's petition that the matters for which he seeks relief all relate to applications for writ of habeas corpus that relator has filed with the Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure.[1]

We have no jurisdiction to grant the relief with respect to relator's article 11.07 applications for writ of habeas corpus. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an article 11.07 application is pending). We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Should an applicant find it necessary to complain about the processing of application for writ of habeas corpus under article 11.07 of the Code of Criminal Procedure or about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See Benson v. Dist. Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011); *In re McAfee*, 53 S.W.3d at 718.

Further, this court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a), (b) (Supp.); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding). Relator has not shown that

---

[1] Relator's petition states that the Court of Criminal Appeals has dismissed his applications for writ of habeas corpus, but that he has filed motions for rehearing, to reinstate, and for en banc hearing.

the issuance of a writ against the district clerk, John D. Kinard, is necessary to enforce this court's jurisdiction.

For these reasons, we dismiss relator's petition for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Bourliot.
Do Not Publish — Tex. R. App. P. 47.2(b).