**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed October 6, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00663-CR

---

### IN RE DOMINGO AMARO-SOLIS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 14771624-A**

---

## MEMORANDUM OPINION

On September 25, 2020, relator Domingo Amaro-Solis filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel Marilyn Burgess, Harris County District Clerk, to transmit relator's application for a writ of habeas corpus and all associated documents to the Court of Criminal Appeals.

We have no jurisdiction to grant the relief that relator has requested with respect to his article 11.07 application for writ of habeas corpus. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an article 11.07 application is pending). We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Should an applicant find it necessary to complain about the processing of application for writ of habeas corpus under article 11.07 of the Code of Criminal Procedure, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See Benson v. Dist. Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011); *In re McAfee*, 53 S.W.3d at 718.

Further, this court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a), (b); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding). Relator has not shown that the issuance of a writ against the district clerk, Marilyn Burgess, is necessary to enforce this court's jurisdiction.

For these reasons, we dismiss relator's petition for lack of jurisdiction.


PER CURIAM

Panel consists of Justices Christopher, Jewell, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).