

# NUMBER 13-20-00436-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KEVIN PAUL CARTER

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Chief Justice Contreras**

On October 22, 2020, relator Kevin Paul Carter filed a pro se petition for writ of mandamus asking this Court to compel Cathy Stuart, Victoria County District Clerk, to transmit relator's application for writ of habeas corpus, "any answers filed, and a certificate reciting the date upon which that finding was made" to the Texas Court of Criminal Appeals under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX.

CODE CRIM. PROC. ANN. art. 11.07, § 3(c).[1]

We have no jurisdiction to grant the relief that relator has requested with respect to his article 11.07 application for writ of habeas corpus. *See Padieu v. Ct. of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (indicating that the court of criminal appeals has exclusive jurisdiction when an article 11.07 application is pending); *see also In re Martinez*, No. 13-17-00310-CR, 2017 WL 2665266, at *2 (Tex. App.—Corpus Christi–Edinburg June 20, 2017, orig. proceeding) (mem. op., not designated for publication) (holding we lack jurisdiction to compel district clerk to forward habeas petition to court of criminal appeals under article 11.07, § 3(c)). We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Should an applicant find it necessary to complain about the processing of application for writ of habeas corpus under article 11.07, the applicant may seek mandamus relief from the Texas Court of Criminal Appeals. *See Benson v. Dist. Clerk*, 331 S.W.3d 431 (Tex. Crim. App. 2011); *In re McAfee*, 53 S.W.3d at 718; *see also In re Martinez*, 2017 WL 2665266, at *2.

Further, this Court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* TEX.

---

[1] The statute provides:

Within 20 days of the expiration of the time in which the state is allowed to answer [an application for post-conviction writ of habeas corpus], it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. . . . If the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(c).

GOV'T CODE ANN. § 22.221(a), (b); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Relator has not shown that the issuance of a writ against the Victoria County District Clerk is necessary to enforce this court's jurisdiction.

Having fully reviewed relator's petition for writ of mandamus, we conclude that we lack jurisdiction over this original proceeding. Accordingly, relator's petition for writ of mandamus is DISMISSED for lack of jurisdiction.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of October, 2020.