**Opinion filed October 20, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-22-00276-CR

_____

## IN RE TODD WILLIAM BARR

---

### Original Mandamus Proceeding

---

### M E M O R A N D U M   O P I N I O N

Relator, Todd William Barr, filed this original petition for writ of mandamus asserting that Tammy Robinson, the District Clerk of Taylor County, Texas, has failed to file his application for writ of habeas corpus with the Court of Criminal Appeals.

Section 22.221 of the Texas Government Code expressly limits our mandamus jurisdiction to (1) writs necessary to enforce our jurisdiction, (2) writs against a district, county, statutory county, or statutory probate county judge sitting in our appellate district, (3) writs against a district court judge acting as a magistrate court in a court of inquiry within our appellate district, and (4) writs against an associate judge appointed by a district judge within our appellate district pursuant to

Chapter 201 of the Texas Family Code. TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2022); *In re Valley*, No. 11-21-00281-CR, 2021 WL 5830675, at *1 (Tex. App.—Eastland Dec. 9, 2021, orig. proceeding) (per curiam) (mem. op., not designated for publication). Because a district clerk is not included within the limitations set forth in Section 22.221, we must decide whether issuing a mandamus in this instance is necessary to enforce our jurisdiction. Here, it is not.

Relator seeks relief regarding a postconviction writ of habeas corpus. However, exclusive jurisdiction in postconviction felony proceedings rests with the Texas Court of Criminal Appeals. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). Therefore, we need not issue a writ of mandamus against the district clerk to enforce our jurisdiction. *See In re Valley*, 2021 WL 5830675, at *1. Further, should Relator find it necessary to complain about the processing of his Article 11.07 application for writ of habeas corpus, he may seek mandamus relief from the Court of Criminal Appeals. *Id.* (second alteration in original); *see also Benson v. Dist. Clerk*, 331 S.W.3d 431, 432 (Tex. Crim. App. 2011) (per curiam).[1]

We dismiss the petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

October 20, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]According to the Court of Criminal Appeals' website, the district clerk filed Relator's application for writ of habeas corpus with that court on October 3, 2022.