**Opinion filed May 8, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00104-CR

_____

## IN RE GERALD DON GATEWOOD

### Original Proceeding

## M E M O R A N D U M   O P I N I O N

In 2007, Relator, Gerald Don Gatewood, was convicted of felony driving while intoxicated and sentenced to imprisonment for a term of fifty years. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (West Supp. 2024). This court affirmed his conviction. *Gatewood v. State*, No. 11-07-00153-CR, 2008 WL 4440438, at *1 (Tex. App.—Eastland Oct. 2, 2008, pet. ref'd) (mem. op., not designated for publication). Proceeding pro se, Relator filed a petition for a writ of mandamus asking this court to compel the Honorable Reed A. Filley, presiding judge of the 106th District Court of Gaines County, Texas to rule on Relator's application for writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2024); *see also* TEX. R. APP. P. 73 (governing postconviction applications for writs of habeas corpus filed under Article 11.07). We dismiss Relator's petition for want of jurisdiction.

This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2024) (limited writ powers granted to courts of appeals). Where, as here, there is a final felony conviction, only the Court of Criminal Appeals has jurisdiction over postconviction habeas corpus proceedings. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings"); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (court of appeals had no jurisdiction to compel the trial judge to act on a petition filed pursuant to Article 11.07). Thus, as an intermediate appellate court, we have no jurisdiction to address this original proceeding. Should an applicant find it necessary to complain about the processing of an application for writ of habeas corpus filed under Article 11.07, the applicant may seek mandamus relief from the Texas Court of Criminal Appeals. *See Benson v. Dist. Clerk*, 331 S.W.3d 431, 432 (Tex. Crim. App. 2011) (per curiam).

Accordingly, Relator's petition is dismissed for want of jurisdiction.


W. BRUCE WILLIAMS

JUSTICE


May 8, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.