**Opinion filed July 25, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00190-CR

_____

## IN RE ERIC J. MAPES

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

This court's former opinion and judgment dated July 24, 2025, are withdrawn. This court's opinion and judgment dated July 25, 2025, are substituted therefor. Relator, Eric J. Mapes, pleaded guilty in 1999 to sexual assault, a second-degree felony, and was sentenced to imprisonment for a term of two years. *See* TEX. PENAL CODE ANN. § 22.011(a)(1) (West Supp. 2024). On June 16, 2025, Relator filed a "Motion to Vacate" his 1999 conviction in the 244th District Court of Ector County, Texas, the convicting court. Accompanying Relator's motion were unredacted documents disclosing the name and date of birth of the sexual assault victim, who

was fourteen at the time of the offense. *See* TEX. R. APP. P. 9.10(a)(3), (b) (requiring "sensitive data," which includes the name, date of birth, and home address of any person who was a minor at the time the offense was committed to be redacted from all electronic or paper filings); *Rules 4.1–4.6*, *Statewide Rules Governing Electronic Filing in Criminal Cases*, Misc. Docket No. 17-9039 (Tex. Apr. 27, 2017).[1]  The Honorable Lori Ruiz-Crutcher, the presiding judge of the 244th District Court, ordered the Ector County District Clerk's Office to seal Relator's unredacted pro se filings.

Proceeding pro se, Relator filed a petition for a writ of mandamus and several additional documents asking this court to compel Judge Ruiz-Crutcher to vacate the sealing order, "[r]estore access to sealed forensic filings," "[r]ule forthwith on the pending motion for appointment of counsel," and "vacate the underlying conviction."  We deny in part and dismiss in part.

With respect to Relator's request to vacate his underlying conviction based on his claim of actual innocence, we interpret his motion filed in the convicting court as an application for writ of habeas corpus.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2024); *see also* TEX. R. APP. P. 73 (governing postconviction applications for writs of habeas corpus filed under Article 11.07).  This court's authority to issue original writs of mandamus is limited.  *See* TEX. CONST. art. V, §§ 5, 6 (intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2024) (limited writ powers granted to courts of appeals). Where, as here, there is a final felony conviction, only the Court of Criminal Appeals has jurisdiction over postconviction habeas corpus proceedings.  *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117

---

[1] *Available at* https://www.txcourts.gov/media/1438082/179039.pdf

(Tex. Crim. App. 2013); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings"); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (court of appeals had no jurisdiction to compel the trial judge to act on a petition filed pursuant to Article 11.07). Thus, as an intermediate appellate court, we have no jurisdiction to address this original proceeding.[2] Should an applicant find it necessary to complain about the processing of an application for writ of habeas corpus filed under Article 11.07, the applicant may seek mandamus relief from the Texas Court of Criminal Appeals. *See Benson v. Dist. Clerk*, 331 S.W.3d 431, 432 (Tex. Crim. App. 2011) (per curiam).

Relator has otherwise failed to demonstrate that he is entitled to mandamus relief. To be entitled to mandamus relief, a relator must establish that: (1) the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision; and (2) there is no adequate remedy at law to redress the alleged harm. *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding). Importantly, Relator has not established that there is a pending motion for the appointment of counsel before Judge Ruiz-Crutcher on which to rule. *See* TEX. R. APP. P. 52.7(a)(1) (petition must be supported by documents "material to the relator's claim for relief and that [were] filed in any underlying proceeding"). And we do not have the independent authority to appoint counsel to represent him. *See* CRIM. PROC. art. 1.051(c) (West 2005), art. 26.04(a), (b)(1) (West Supp. 2024); *see Ex parte Graves*, 70 S.W.3d 103, 111 (Tex. Crim. App. 2002).

---

[2]Because we have no jurisdiction to address Relator's actual innocence claim, we express no opinion on the merits thereof.

Accordingly, Relator's petition is dismissed in part for want of jurisdiction and denied in part. All pending motions in this proceeding are denied or otherwise overruled.

PER CURIAM

July 25, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.